## G., C. & S. F. R'y Co. v. A. Key.

### (No. 6964.)

APPEAL from Coleman County. Opinion by WHITE, P. J.

J. W. TERRY and ALEXANDER & CLARK, counsel for appellant.

SIMS & SNODGRASS, counsel for appellee.

§ 257. *Common carrier; negligently killing stock while being transported under contract; measure of damages.* Key sued the railroad company for $900 damages for negligently causing a jack to be fatally injured and killed while being transported by said railroad from Navasota to Coleman, Texas. The market value of the animal at Coleman, the destination, was alleged to be $900, and the contract of shipment stipulated that, in case of total loss, the market value at the point of destination should be taken and deemed as liquidated damages for such loss. The jack had been sold by plaintiff to a party at Coleman, the point of destination, before he was shipped from Navasota, for the sum of $535. Defendant's fourth special requested charge to the jury, which was refused by the court, was as follows: "If you further believe from the evidence that the plaintiff, Key, filed a claim for $600 with the station-master at Navasota for the loss of the jack, then plaintiff cannot recover above said sum; but

if you further believe that plaintiff had agreed to sell said jack in Coleman, Texas, for any sum, then plaintiff has thereby established the market value of said jack by said contract of sale, and you can find for plaintiff, if you also believe he is entitled to recover, in any sum not to exceed the amount so offered and accepted by plaintiff." Under the peculiar facts proved, we think the court erred in refusing to give this charge. The verdict of the jury and the judgment of the court were in favor of the plaintiff for $650, which was $115 more than he had actually sold the jack for at Coleman, the point of destination. We are of the opinion the judgment is excessive and not warranted by the evidence. The object or purpose of damages is compensation. Suppose the railroad had tendered plaintiff $535, when it was found that the jack was dead, could he have recovered any more? We think not.

April 29, 1891.                Reversed and remanded.

### ON REHEARING.

(May 30, 1891.)

§ 258. *Excessive damages; remitter; practice on appeal.* At a former day of this term the judgment in this case was reversed and the cause remanded. But for this excess in the judgment we would have affirmed it. Since our reversal of the case, the appellee, A. Key, has entered in the court below a remitter of all the judgment rendered in that court except the sum of $535, the price for which he had sold the jack at Coleman, and has filed in this court his motion for a rehearing to set aside our former judgment reversing the judgment of the lower court, together with a certified copy of his remitter as filed in the county court, and he asks us upon the rehearing to affirm the judgment of the lower court for the sum of $535. His motion for a rehearing has been duly served upon counsel for the appellant, and no answer or objection thereto has been filed for the appellant.

Under the circumstances, it being apparent to us from the record that the appellee, A. Key, was legally and justly entitled to recover of the appellant, Gulf, Colorado & Santa Fe Railway Company, the sum of $535, the value of his jack at Coleman, the motion for rehearing is granted, and our previous judgment reversing the judgment of the lower court is set aside, and judgment is here rendered in favor of said A. Key against the said railroad company for the sum of $535, together with interest upon the same at the rate of eight per cent. per annum from the 20th day of April, 1889, the date of the death of the jack, and all costs of the lower court; but the costs of this appeal are adjudged in favor of the appellant, the railroad company, against the appellee, the said A. Key. Motion for rehearing granted, former judgment of this court set aside, and the judgment of the lower court reformed and rendered.

Reformed and rendered.